IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| STACY MITCHELL, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 21-cv-1145-RJD |
| v. |
| UNITED STATES OF AMERICA, |
| Defendant. |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 15). Plaintiff responded (Doc. 19). As explained further, Defendant's Motion is GRANTED.

**INTRODUCTION**

Plaintiff's Complaint alleges the following facts that are considered true for the purpose of ruling on Defendant's Motion to Dismiss. Plaintiff and Cedric Mitchell were married in 2003 (Doc. 1, ¶8). Mr. Mitchell owned a civilian Thrift Savings Plan ("TSP") account administered by the Federal Retirement Thrift Investment Board (*Id*., ¶¶4, 12). Plaintiff filed for divorce on January 25, 2019 in the Circuit Court of St. Clair County, Illinois (*Id*., ¶10). On August 26, 2019, the Circuit Court ordered the TSP to pay Plaintiff $14,059.27 from Mr. Mitchell's civilian TSP account and further ordered "that neither party shall take a loan against, or withdraw any funds from, the civilian TSP account of Cedric Mitchell, other than herein stated, until further order of the Court" (*Id*., p. 13). The TSP sent Mr. Mitchell a letter, acknowledging that it had received the August 26, 2019 Order and that upon receiving the Order, Mr. Mitchell's "account was frozen for

loans and withdrawals. That freeze will be lifted after the award has been paid."  (*Id*., p. 21). The letter further informed Mr. Mitchell that the payment to Plaintiff was scheduled for November 19, 2019  (*Id*.).  On November 20, 2019, Mr. Mitchell made a withdrawal request from his TSP account for $75,000.00.  (*Id*., p. 26).  When he submitted the request, he was asked whether he was married and he answered "N."  That same day, the TSP processed the withdrawal. (*Id*., p. 24).

On December 3, 2019, the Circuit Court again ordered the TSP to pay Plaintiff $24,776.38 and "that neither party shall take a loan against, or withdraw any funds from, the civilian TSP account of Cedric Mitchell, other than herein stated, until further order of the Court" (*Id*., p. 32). In April 2020, Mr. Mitchell requested and received a $200,000.00 withdrawal from his TSP account (Doc. 1, p. 43-46).   Once again, he indicated that he was not married (*Id*., p. 45).

## LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed if it fails to state a claim upon which relief can be granted.  In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint.  *McCauley v. City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011) (internal citations omitted).  A complaint survives a motion to dismiss if the alleged facts "state[s] a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To determine whether the claim "has facial plausibility," the Court looks to see whether "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCauley*, 671 F.3d at 615.  The Court may also consider exhibits to the Complaint, documents referred to in the Complaint, and matters that are subject to judicial notice.  *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 494, n. 2 (7th Cir. 2019).

**DISCUSSION**

Plaintiff filed this suit pursuant to the Federal Tort Claims Act, which confers exclusive jurisdiction to the district courts in "claims against the United States, for money damages…caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §1346(b).   Plaintiff alleges that Defendant is liable to her because the TSP negligently failed to follow its own guidelines and also violated Orders by the St. Clair County Circuit Court.   The TSP is one component of the Federal Employees' Retirement System.  *See generally*, 5 U.S.C. §8401 *et seq*.   The Federal Retirement Thrift Investment Board ("FRTIB") establishes policies for the administration and management of the TSP.   5 U.S.C. §8472(f).   Federal agencies must follow their own regulations and procedures. *Zelaya Diaz v. Rosen*, 986 F.3d 687, 690 (7th Cir. 2021).   Plaintiff makes conclusory statements in her Complaint that the FRTIB failed to follow its own "guidelines", but Plaintiff's factual allegations and the exhibits attached to her Complaint establish the opposite.

State courts do not have jurisdiction over the TSP and the TSP cannot be named as a party to domestic relations proceedings. 5 C.F.R. §1653.3(a).   However, the TSP will honor a state court order where the following requirements are met:

> (1) The order must expressly relate to the Thrift Savings Plan account of a TSP participant;
>
> (2) The order must *either* require the TSP to freeze the participant's account to preserve the status quo pending final resolution of the parties' rights to the participants' TSP account, *or* to make a payment from the participant's account to a permissible payee.
>
> (3) If the order requires a payment from the participant's account, the award must be for: (i) a specific dollar amount; (ii) a stated percentage of the account; or (iii) a survivor annuity as provided in 5 U.S.C. 8435(d).

Page **3** of **7**

5 C.F.R. §1653.2(a) (emphasis added). A court order that meets these requirements is a "qualifying retirement benefit court order" ("RBCO"). (*Id.*). When the TSP receives a purported RBCO requiring payment from a participant's account, the TSP takes the following steps: (1) freezes the participant's account so that no withdrawals or loan disbursements can be made; (2) reviews the order to determine whether it meets the requirements to be considered a qualifying RBCO; (3) mails a decision letter to all parties regarding whether the court order is a qualifying RBCO and contains information regarding, *inter alia*, the anticipated date of payment (if applicable). 5 C.F.R. §1653.3. The participant's account is unfrozen once the payment is made. *Id.* at §1653.3(h).

Plaintiff's allegations and the exhibits attached to her Complaint establish that Defendant followed the steps mandated by the regulations upon receiving the St. Clair County Circuit Court's August 26, 2019 Order. Defendant froze Mr. Mitchell's account, determined that the Order was a qualifying RBCO, mailed a decision letter, made payment on November 19, 2019, and then unfroze Mr. Mitchell's account (Doc. 1, pp. 13, 21-22, 32). Mr. Mitchell was able to make a withdrawal on November 20, 2019 because his account was unfrozen (*Id.* p. 24-26).[1]

Plaintiff alleges in her Complaint that the TSP acted negligently when it allowed Mr. Mitchell to make the November 20, 2019 withdrawal because the TSP was aware of the language in the August 26, 2019 St. Clair County Circuit Court Order stating "that neither party shall take a loan against, or withdraw any funds from, the civilian TSP account of Cedric Mitchell, other than herein stated, until further order of the Court." Regardless, the St. Clair County Circuit Court

---

[1] Plaintiff did not include the TSP's decision letter for the December 3, 2019 St. Clair County Circuit Court Order. However, because Plaintiff makes no allegation to indicate that the TSP withheld (either wrongfully or otherwise) the $24,776.38 awarded to her in the December 3, 2019 Order, the Court infers that the TSP distributed it to her in the same manner that it distributed the $14,059.27 awarded in the August 26, 2019 Order, resulting in the TSP unfreezing the account, which allowed Mr. Mitchell to make a withdrawal in April 2020.

Order directed *Mr. Mitchell* to not take funds from his account-it did not direct the TSP to freeze his account or otherwise withhold his money from him. Even if the August 26, 2019 Order or the December 3, 2019 Order had directed the TSP to freeze Mr. Mitchell's account or otherwise prohibit him from making withdrawals, an RBCO can *either* direct the TSP to pay one party a specific amount *or* to freeze the account. *Id*. (emphasis added). Orders to pay one party a specific amount supersede Orders to freeze the account. 5 C.F.R. §1653.3(h)(1). Therefore, neither the August 26, 2019 Order nor the December 3, 2019 could have qualified as a RBCO to freeze the account because both Orders awarded Plaintiff a specific monetary amount.[2] *See id*.

Plaintiff contends that the TSP, upon receiving Mr. Mitchell's November 20, 2019 and April 5, 2020 withdrawal requests, should have investigated whether the St. Clair County Circuit Court had vacated the orders that directed Mr. Mitchell to forgo making withdrawals from his TSP account. However, the TSP did not have the discretion to conduct such an investigation instead of following its own regulations regarding when an account is frozen, when it is unfrozen, and the steps a participant must take to withdraw from his account. *Steenholdt v. F.A.A.,* 314 F.3d 633, 640 (D.C. Cir. 2003) (federal agencies must "follow their own rules, even gratuitous procedural rules that limit otherwise discretionary actions").

Plaintiff points to various guidelines published by the FRTIB in a brochure and alleges that Defendant failed to follow those guidelines. Those guidelines are consistent with the regulations and therefore most of the guidelines have already been addressed. However, one of the guidelines to which Plaintiff refers contains the following language:

---

[2] Of course, the TSP *did* freeze the account upon receiving the August 26, 2019 Order, a point that Plaintiff makes in her Response to the Motion to Dismiss and then argues that the TSP should not have unfrozen it. Plaintiff's argument is misguided, however, because the TSP froze the account pursuant to the regulations requiring them to do so until payment was made, not because the Order directed the TSP to freeze the account (Doc. 1, p. 21, 22).

> Your spouse has certain rights with regard to your in-service withdrawal, even if you are separated from your spouse. Therefore, on your request for an in-service withdrawal, you must indicate whether or not you are married. If you are married, the following rules apply:
>
> - IF you are a FERS participant…the law requires your spouse's consent to your in-service withdrawal.
>
> - If you are a CSRS participant, we must notify your spouse before your in-service withdrawal can be completed.

(Doc. 1, p. 54). Plaintiff alleges that the TSP failed to notify her. However, she acknowledges that Mr. Mitchell informed Defendant that he was *not* married when he requested both withdrawals (*Id*., p. 26, 45). Accordingly, Defendant did not violate its own guidelines. Plaintiff argues that Defendant should otherwise have known that Plaintiff and Mr. Mitchell were still married because prior to the withdrawal requests, Defendant had received Orders from the divorce case and correspondence from Plaintiff's attorneys. Plaintiff's argument again attempts to impose a duty upon Defendant to investigate withdrawal requests-specifically, to investigate the court records of divorce proceedings involving withdrawal-seeking participants to confirm the divorce has been finalized. The Court will not impose such a duty on Defendant where Plaintiff provides no authority to suggest such a duty exists and where Plaintiff's Complaint establishes that Defendant followed its own guidelines and regulations.

In sum, the facts alleged in Plaintiff's Complaint do not carry Plaintiff's claim "across the line from conceivable to plausible." *Bell Atlantic Corp*., 550 U.S. at 570. In responding to Defendant's Motion to Dismiss, Plaintiff did not ask for leave to amend her Complaint. Regardless, leave should be freely given where justice so requires. Fed. R. Civ. P. 15(a).

Defendant did not request that Plaintiff's Complaint be dismissed with prejudice and Plaintiff has not had an opportunity to address the deficiencies in her Complaint. Defendant's Motion to Dismiss (Doc. 15) is granted. Plaintiff's Complaint is dismissed WITHOUT PREJUDICE. Plaintiff is granted leave to file an Amended Complaint on or before July 28, 2022.

**IT IS SO ORDERED.**

**DATED:** July 13, 2022

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**